MADDOX, Justice.
The issues in the defendant insurer’s appeal are 1) whether the trial court erred in denying the defendant’s motion for a new trial on the basis that the jury verdict was against the great weight of the evidence; and 2) whether the trial court erred by denying the defendant’s motion challenging the verdict as excessive. The issue in the plaintiff’s cross-appeal is whether the trial court erred by entering a summary judgment on behalf of the defendant on a “bad faith” claim.
The Haygoods purchased a house on March 31, 1989. At the same time, they purchased an HO-3000 homeowners insurance policy from Prudential Property and Casualty Insurance Company. On June 30, 1989, a basement wall of the Haygoods’ house collapsed. The Haygoods contacted their insurance agent, Terry Lewey, who told the Haygoods that the loss might not be covered. Gordon McLean, agent of an independent adjusting service, was called in to look at the situation. He authorized temporary repairs until Prudential could determine if there was coverage.
Prudential asked the Haygoods to sign a non-waiver agreement, but they refused. Subsequently, the insurance company sent the Haygoods a reservation-of-rights letter, and the Haygoods hired an attorney. An engineer, David Paul, determined that the cause of the wall’s collapse was “hydrostatic pressure” created by soil saturation occurring during a prolonged rainy period and affecting improperly backfilled soil. Prudential informed the Haygoods that the event was excluded from coverage in the policy, and, therefore, that loss caused by the collapsed wall was not covered.
The Haygoods sued Prudential, alleging a bad faith failure to pay an insurance claim, misrepresentation, and breach of contract. The trial court entered a summary judgment on behalf of Prudential on the bad faith claim. After a trial, the jury returned a general verdict awarding the Haygoods $117,000 in damages. Prudential appeals the judgment entered on the jury verdict.
We have reviewed the arguments of counsel and considered the record and we find no prejudicial error. The judgment of the trial court is, therefore, affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.